UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL JOSEPH PITKIN,<br><br>Plaintiffs,<br>v.<br><br>CHRISTOPHER ROCH PITKIN, *et al.*,<br><br>Defendants. | Case No. 3:19-cv-00766-MMD-WGC<br><br>ORDER |

Plaintiff Michael Joseph Pitkin filed an *informa pauperis* ("IFP") application and a *pro se* complaint asking this Court to (1) intervene on his behalf in a probate matter involving his mother's and grandmother's estates/property; (2) appoint him counsel in these matters in Idaho, Oregon and Nevada; and (3) implement a resolution that will not a negatively impact Plaintiff's reporting requirements to qualify for federal benefits. (ECF No. 13 at 3-4.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge William G. Cobb (ECF No. 13), recommending that the Court grant Plaintiff's IFP application (ECF No. 1), file and dismiss Plaintiff's Complaint (ECF No. 1-1) with prejudice, and deny both Plaintiff's "Motion for Pro Se and In Forma Pauperis" (ECF No. 6) and "Motion for Pro Bono [Representation]" (ECF No. 7). Plaintiff had until April 3, 2020 to file an objection. To date, no objection has been filed. For that reason, and because the Court agrees with Judge Cobb, the Court will adopt the R&R.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985);

*see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations."); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

While Plaintiff has failed to timely object to the R&R, the Court has nevertheless conducted a *de novo* review to determine whether to adopt the R&R. Judge Cobb recommended that the Court grant Plaintiff's IFP application because he cannot pay the filing fee. (ECF No. 13 at 2.) Furthermore, Judge Cobb found that Plaintiff cannot state a claim for relief because the Court does not have jurisdiction over Plaintiff's mother's or grandmother's probate proceedings, or have the power to appoint an attorney in those proceedings. (ECF No. 13 at 4.) Finally, Judge Cobb found that Plaintiff has not stated a claim with respect to his reporting requirements and advised that Plaintiff contact the agencies under which benefits are provided if he has questions about reporting requirements. (*Id.*) Having reviewed the R&R (ECF No. 13) and underlying records (ECF Nos. 1, 1-1, 6, 7), the Court agrees with Judge Cobb and adopts the R&R in full.

It is therefore ordered, adjudged, and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 13) is accepted and adopted in full.

It is further ordered that Plaintiff's Motion/Application for Leave to Proceed in forma pauperis (ECF No. 1) is granted.

It is further ordered that the Clerk of the Court file the Complaint (ECF No. 1-1).

It is further ordered that the Complaint (ECF No. 1-1) is dismissed with prejudice.

It is further ordered that Plaintiff's remaining motions (ECF Nos. 6, 7) are denied as moot.

///

////

////

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 6th day of April 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE